## POLK *v.* CHILDERS, Executrix.

The certificate of the clerk of a district court that, a transcript contains all the proceedings had, documents filed, and evidence adduced on the trial of a case in which a judgment had been rendered by a court of probates, but in which an appeal was allowed by the district judge after the court of probates had ceased to exist, where the clerk evidently had no other means of ascertaining the facts in relation to which he certifies than by an inspection of the original record, in which neither the certificate of the probate judge nor of his clerk that the record contains all the evidence, nor any list of the documents produced, are to be found, is insufficient, and the case must be remanded. C. P. 1042.

APPEAL from the Court of Probates of Sabine, *Speight*, J. No counsel appeared for the plaintiff. *Thomas, Morse, Roysdon*, and *Flint*, for the appellant. The judgment of the court was pronounced by

KING, J. We are unable to examine this cause upon its merits. It was tried by the late probate court, and a final judgment, on a default, was rendered in 1845. The appeal was granted by the district judge, in June 1846, after the court which decided the cause had ceased to exist. The clerk of the district court certifies that the transcript contains all the proceedings had, documents filed, and evidence adduced on the trial of the cause. But the clerk evidently had no other means of ascertaining the fact in relation to which he certifies than by an inspection of the original record, in which are to be found neither the certificate of the probate judge, nor of his clerk, that the record contains all the evidences, nor a list of the documents produced, which the law then imperatively enjoined to be made. C. P. 1042. The cause having been tried by the probate court, it must be governed by the rules which regulated the proceedings of that court. Under the authority of the cases of *Tompkins* v. *Benjamin*, 16 La. 199, and of *Desormes* v. *Desormes*, 17 La. 115, the cause must be remanded.

The judgment of the District Court is therefore reversed, and the cause remanded to be proceeded with according to law; the appellee paying the costs of this appeal.